Dear Mayor McCune:
You seek the opinion of this office regarding the qualifications for office of the elected chief of police of a Lawrason Act municipality, and whether the same qualifications apply to the appointment of a person by the governing authority to fill a vacancy.
R.S. 33:385.1 sets forth the qualifications which an individual must have to hold the office of elected chief of police in a Lawrason Act municipality. The statute provides:
385.1 Qualifications of elected chief of police
 A. Except as otherwise provided in this Section, an elected chief of police of a municipality shall be an elector of the municipality. At the time of qualification as a candidate for the office of chief of police, he shall have been domiciled for at least the immediately preceding year in the municipality except that a person who resides outside of the corporate limits of the village of Maurice may be elected chief of police. The provisions of this Section shall not apply to the village of Napoleonville.
 B. The elected chief of police of a village shall be an elector of the village who at the time of qualification as a candidate for the office of chief of police shall have been domiciled for at least the immediately preceding six months in the village.
The statute requires that a candidate for the office of chief of police be "domiciled for at least the immediately preceding year in the municipality" at the time of qualification. As this office noted in Attorney General Opinion 90-87, these are the "qualifications of office, not of candidacy. These are required of everyone who would hold the office, whether they be appointed or elected."
R.S. 18:601 (A) authorizes the governing authority to appoint a person to fill a vacancy in this office "who meets the qualifications of the office." "Those qualifications are stated *Page 2 
by R.S. 385.1 for an appointee no less than an elected chief of police." See Opinion 90-87, copy attached.
Thus, a proposed appointee who has not been domiciled within the municipality for at least a year preceding the appointment is not a qualified appointee under the law. See Attorney General Opinion 95-52, copy attached.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _______________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
 ATTACHMENT
OPINION NUMBER 90-87
Mr. Thomas C. Senette
March 19, 1996
77 — OFFICERS-Local Municipal; Selection, Qualifications Tenure: Vacancies
LSA-R.S. 18:601
LSA-R.S. 33:385.1
Qualifications for appointment by governing authority to office of chief of police are same as those stated by LSA-R.S. 33:385.1. as enacted by 1986 La. Acts No. 1076. Sec. 1.
 Mr. Thomas C. Senette City Attorney Town of Baldwin P.O. Box 800 Baldwin, LA 70514
WILLIAM J. GUSTE, JR., Attorney General
Dear Mr. Senette:
You have requested an opinion on the qualifications for office of the elected chief of police of a Lawrason Act municipality, and whether the same qualifications control the appointment of a person to fill a vacancy by the governing authority pursuant to LSA-R.S. 18:602(A).
Opinion of the Attorney General No. 90-13, which is enclosed for your information, concluded that the version of LSA-R.S. 33:385.1 enacted by 1986 La. Acts No. 1076, Sec. 1 is legally controlling as the legislative declaration of the qualifications for the office of chief of police. Act 1076, as the latest declaration of legislative will, repealed the other legislative enactment of R.S. 33:385.1 by 1986 La. Acts No. 322, Sec. 1. Accordingly, the qualifications you state in your opinion request (1) elector of municipality and (2) one year domicile in municipality) conform to the requirements of R.S. 33:385.1 as enacted by Act 1076 and are correctly represented.
These are the qualifications of office, not of candidacy. These are required of everyone who would hold the office, whether they be appointed or elected.
R.S. 18:601A does not contradict this conclusion. It authorizes the governing authority to appoint a person to fill a vacancy in this office "who meets the qualifications of the office." Those qualifications are stated by R.S. 385.1 for an appointee no less than an elected chief of police.
Those who have argued that there are no qualifications of office to be satisfied when the governing authority appoints a new chief of police to fill a vacancy are incorrect. *Page 2 
Trusting this to be of sufficient information, I am
 Sincerely, WILLIAM J. GUSTE, JR. Attorney General
 BY: _______________________ CHARLES J. YEAGER Assistant Attorney General
 ATTACHMENT *Page 1 
OPINION 95-52
Honorable Clave Davis, Sr.
February 9, 1995
77-OFFICERS — Local Municipal; selection, qualifications and term vacancies
LSA-R.S. 18:601
LSA-R.S. 33:385.1
Qualifications for appointment by governing authority to office of chief of police are the same as those holding the office by virtue of election.
 Honorable Clave Davis, Sr. Mayor of Natchez P.O. Box 181 Natchez, LA 71456
RICHARD P. IEYOUB, Attorney General
Dear Mayor Davis:
You advise that your elected Chief of Police has recently resigned. The Governor has issued a proclamation ordering and calling a special election for the Chief of Police to be held on April 1, 1995. You ask whether the Mayor and Board of Aldermen have the authority to appoint a chief of police during the interim.
Your attention is directed to the provisions of the Election Code, stating in pertinent part:
 A. When a vacancy occurs in the office of a member of a parish or municipal governing authority or a combination thereof, a mayor or any other local or municipal office, except an office covered by Subsections B and C hereof and except the office of judge, state legislator, or marshal of a city or municipal court, and the office is filled by election wholly within the boundaries of a local governmental subdivision, the governing authority of the local governmental subdivision where the vacancy occurs shall, within the end days, appoint a person to fill the vacancy who meets the qualifications of the office. The presiding officer of the governing authority shall not be required to vote on such an appointment to be made by the governing authority of a local governmental subdivision unless a tie vote occurs thereon, in which case he shall vote to break the tie; however, in no case shall the presiding officer vote more than once on the appointment. LSA-R.S. 18:602(A); (Emphasis added). *Page 2 
LSA-R.S. 33:385.1 is controlling as the legislative declaration of the qualifications for the office of chief of police. LSA-R.S. 33:385.1
provides:
 An elected chief of police of a municipality shall be an elector of the municipality. At the time of qualification as a candidate for the office of chief of police, he shall have been domiciled for at least the immediately preceding year in the municipality except that a person who resides outside of the corporate limits of the village of Maurice may be elected chief of police. The provisions of this Section shall not apply to the village of Napoleonville.
These qualifications are required of everyone who would hold the office, whether they be appointed or elected. An appointee (such as Mr. Robinson, referenced in your correspondence), who has not resided within the municipality for at least a year preceding the appointment is not a qualified appointee under law. See also Attorney General Opinion 90-87, a copy of which is enclosed.
To summarize, it is incumbent upon the board of aldermen as the "local governing authority" to appoint an individual to fill the vacancy pending the election, but the appointee must meet the qualifications of law.
 Very truly yours, RICHARD P. IEYOUB ATTORNEY GENERAL
 By:_________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:jlg